

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GROVER SELLERS
~~CCCCCCCCCCCCC~~
ATTORNEY GENERAL

Honorable H. A. Jamison, Commissioner
Department of Banking
Austin - 14 - Texas

Dear Mr. Jamison:  Opinion No. O-6040

Re:  Whether or not a State bank,
with the approval of the
State Banking Board, may
remove its domicile to an-
other city or town.

Your request for an opinion upon the above subject
matter has been received.

Article 12 of Chapter III of the Texas Banking Code
of 1943 contains the following:

"Subject to the provisions of this Code, any
state bank may amend its articles of association
for any lawful purpose.

"If the owners of record of two-thirds of the
capital stock, at any regular meeting of stockhold-
ers, or any special meeting called for that pur-
pose, vote to amend the charter, the board of di-
rectors shall prepare, execute in the manner pro-
vided for the execution of articles of association,
and file with the Commissioner an amendment to the
articles of association.  If the Commissioner finds
that the amendment is not violative of law and does
not prejudice the interests of depositors and credi-
tors or the public, he shall approve such amendment
and deliver to the bank a certified copy thereof,
and said amendment shall thereupon become effective;
provided, however, that if a state bank does not
have the power to receive demand deposits, no amend-
ments of its articles of association adopting any
power provided under subsections (a), (b), (c), (d),
or (f) of Article 1 of this chapter and no amendment
changing the domicile of any state bank to another

city or town shall be effective until approved
by the State Banking Board in the manner provided
for the approval of an original application for
charter. * * * * "

The removal of a bank is a lawful purpose for
which purpose its charter may be amended, but no amend-
ment changing its domicile to another city or town shall
be effective until approved by the State Banking Board
in the manner provided for the approval of an original
application for charter.

We take it to be that the Board should determine
the question of removal of such bank upon the same consider-
ations that would guide the Board in permitting the incorpora-
tion of a new State bank for the designated city or town.  In
other words, the Board should require the applicant bank to
meet the terms of Article 3 Section 11, and all other perti-
nent requirements of a new bank for that city or town, inclu-
ding, of course, the additional one as to whether the removal
would prejudice the interests of depositors and creditors or
the public.

It appears to have been the practice of the Banking
Department to permit an amendment of the charter of a State
bank for the purpose of changing its domicile  even before the
adoption of the Banking Code.  See counsel opinion to Mr.
Brand, Commissioner, Opinion No. 83, of date January 22, 1934.
The view was there expressed by counsel that such amendment
would not contravene the constitutional requirement that the
one and only place of business of a State bank should be that
designated in its charter.

The Legislature in the enactment of the Code has
recognized this view, but with the qualifications contained
in Article 12, Section II, above quoted.

Very truly yours

APPROVED MAY 31, 1944                     ATTORNEY GENERAL OF TEXAS
(s)  Grover Sellers
ATTORNEY GENERAL OF TEXAS                 By  (s)         Ocie Speer
                                                          Assistant

OS:MR:ff

                                          APPROVED
                                          Opinion Committee
                                          By B.W.B.  Chairman